UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Central Regional Employees Benefit
Fund, North Jersey Municipal Employee
Benefits Fund, Southern New Jersey
Regional Employee Benefits Fund, Bergen
Municipal Employee Benefits Fund,
Municipal Reinsurance Health Insurance
Fund and County of Union, on behalf of
themselves and all others similarly situated,

            Plaintiffs,

v.

SmithKline Beecham Corporation
d/b/a GlaxoSmithKline,

            Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 09-2125 ADM/JSM

_____

Stephen A. Swedlow, Esq., and Maximilian C. Gibbons, Esq., Swedlow & Associates LLC, Chicago, IL; Michael D. Fitzgerald, Esq., Law Office of Michael D. Fitzgerald, Brielle, NJ; Paul R. Dahlberg, Esq., Patterson Dahlberg, Rochester, MN, on behalf of Plaintiffs.

Jerry W. Blackwell, Esq., and Alyssa L. Rebensdorf, Esq., Blackwell Burke P.A., Minneapolis, MN; Dwight J. Davis, Esq., Meghan Magruder, Esq., Stephen B. Devereaux, Esq., and Darrick L. McDuffie, Esq., King & Spalding LLP, Atlanta, GA; Eric M. Wachter, Esq., and Danielle M. Brim, Esq., King & Spalding LLP, Washington, D.C., on behalf of Defendant.
_____

## I. INTRODUCTION

On July 26, 2010, oral argument was heard before the undersigned United States District Judge on Defendant GlaxoSmithKline's, formerly SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK"), Motion to Dismiss and/or Strike the Class Allegations [Docket No. 15]. At the hearing on the motion, the Court directed the parties to file simultaneous briefs on the question of why this case should not be transferred to New Jersey. Both parties have now responded. For the reasons set forth below, the case will be transferred to the District of New

Jersey.

## II. BACKGROUND

GSK manufactures and distributes prescription drugs, including the drug paroxetine (Paxil®), for treating pediatric depression. Compl. [Docket No. 1] ¶¶ 2-3. Plaintiffs Central Regional Employees Benefit Fund, North Jersey Municipal Employee Benefits Fund, Southern New Jersey Regional Employee Benefits Fund, Bergen Municipal Employee Benefits Fund, Municipal Reinsurance Health Insurance Fund, and County of Union (collectively "Plaintiffs") are a class of governmental entities located in New Jersey that directly or indirectly paid for Paxil® for their employees. Id. ¶ 1. Plaintiffs allege that GSK misrepresented the safety and efficacy of Paxil® for treating pediatric depression, thereby preventing doctors and patients from determining whether to use the drug. Id. ¶ 3. GSK moves to dismiss the Complaint and/or strike the class allegations pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 9(b), and 12(f).

## III. DISCUSSION

28 U.S.C. § 1404(a),[1] the general transfer provision, provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In analyzing a motion to transfer under § 1404(a), a district court employs a three-factor balancing test that considers "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." Terra Int'l Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). These factors

---

[1] Under Section 1404(a), a court must first determine whether the action "might have been brought" in the proposed transferee district. There is no dispute that this action might have been brought in the District of New Jersey.

2

are not exclusive, and a district court's decision on a motion to transfer "require[s] a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Id. Ultimately, a district court enjoys "much discretion" when deciding whether to grant a motion to transfer. Id. at 697.

Pursuant to the Court's directive, both parties filed briefs regarding the propriety of a transfer. Plaintiffs argue that transfer of this case is inappropriate because Plaintiffs' choice of forum is entitled to deference and because this putative class consists of excluded claimants from a settlement of a related case in this jurisdiction.[2] By contrast, GSK argues that there is no reason why this case should not be transferred to New Jersey.

**A. Convenience of the Parties**

In evaluating the convenience of the parties, Plaintiffs argue that the District of Minnesota is most convenient for it because this district retains jurisdiction over the related Carpenters/Gerdts settlement. However, the putative class in this action was expressly excluded from the settlement class in part because of the complex legal issues that would arise from the inclusion of local, state, and federal government officials in the class. The Court sees no relationship between the legal issues relevant to a potential recovery by Plaintiffs in this action and the ongoing administration and enforcement of the Carpenter/Gerdts settlement. This conclusion is buttressed by Chief Judge Michael J. Davis's decision to decline to adjudicate this

---

[2] Gerdts v. SmithKline Beecham Corp. No. 04-CV-3500 (D. Minn.) was filed in this district on August 24, 2004 and was settled in 2008 when the case caption changed to Carpenters and Joiners Welfare Fund, et al. v. SmithKline Beecham. Excluded from the settlement class were government and government-funded third party payors, including Plaintiffs in this action. This action seeks recovery on behalf of the putative class of excluded claimants from the Carpenter/Gerdts settlement.

3

action as a related case because of its dissimilarity to the Carpenter/Gerdts settlement proceedings. Thus, this factor weighs in favor of transfer.

**B. Convenience of the Witnesses**

The inconvenience to non-party witnesses is another important consideration. Advanced Logistics Consulting, Inc. v. C. Enyeart LLC, Civ. No. 09-720, 2009 WL 1684428, at *5 (D. Minn. June 16, 2009). "[T]he preference of courts for live testimony as opposed to depositions" is also a relevant consideration. Graff v. Qwest Commc'ns Corp., 33 F.Supp.2d 1117, 1121 (D. Minn. 1999).

The key non-party witnesses identified in the briefing papers are located in New Jersey including the Plaintiffs' insureds and doctors who prescribed the Paxil® drug; ensuring their appearance at trial is an important consideration. None of the non-party witnesses appears to reside in Minnesota. Accordingly, this factor weighs in favor of transfer.

**C. Interests of Justice**

When evaluating whether the interests of justice warrant transfer, courts typically consider such factors as "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." Terra Int'l, 119 F.3d at 696.

Plaintiffs argue that its choice of forum weighs heavily in its favor. Generally, there is a presumption in favor of a plaintiff's choice of forum, but courts give that choice significantly less deference when the plaintiff does not reside in the selected forum or when the underlying events giving rise to the litigation did not occur in the forum. Nelson v. Soo Line R. Co., 58 F.

4

Supp. 2d 1023, 1026 (1999).

None of the named Plaintiffs are residents of Minnesota nor do they appear to have any connection to Minnesota. Furthermore, the events giving rise to this litigation did not occur in Minnesota. Indeed, Minnesota appears to have no relevant connection to this action. Finally, the State of New Jersey has an interest in providing a forum for these Plaintiffs and that court would have the advantage of familiarity with New Jersey's law. This factor also favors transfer.

Plaintiffs next argue that a case should not be transferred where neither party has requested such a course of action. However, 28 U.S.C. § 1404(a) imposes no such restriction and the case law in this circuit supports a district court's ability to transfer *sua sponte*. I-T-E Circuit Breaker Co. v. Becker, 343 F.2d 361 (8th Cir. 1965); Clark v. Transamerica Life Ins. Co., No. 4:09-CV-00877, 2010 WL 2771916, *3 (E.D. Ark. June 18, 2010); Aventure Commc'ns Tech., L.L.C. v. MCI Commc'ns, No. C 07-4095-MWB, 2008 WL 747177, *1 (N.D. Iowa March 18, 2008). Plaintiffs also contend that since Defendant's motion to dismiss has already been filed and oral argument has been heard, transferring the case at this procedural juncture causes Plaintiffs serious inconvenience. However, as noted above, this lawsuit bears little to no connection with Minnesota and, as such, any inconvenience to Plaintiffs of having to re-argue the motion in New Jersey is outweighed by the countervailing considerations of having this case litigated by a New Jersey court.

The Court finds that transfer to the District of New Jersey is warranted. In light of this decision, the Court declines to reach the issues raised in GSK's Motion to Dismiss the Complaint and/or Strike the Class Allegations Pursuant to Federal Rules of Civil Procedure 12(b)(1),

5

12(b)(6), 9(b), and 12(f).

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that under 28 U.S.C. § 1404(a), this case is transferred to the United States District Court for the District of New Jersey.  The Clerk of the Court shall close this case and transfer to that district.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 31, 2010.